UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JON GREGORY SANCHEZ, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT ELIZONDO et al., <br><br> Defendants. | 3:15-cv-00474-RCJ-VPC <br><br> **ORDER** |

This case arises out of an arbitration before the Financial Industry Regulatory Authority ("FINRA"). Pending before the Court are two Motions to Dismiss (ECF Nos. 25, 34). For the reasons given herein, the Court denies Elizondo's motion but grants FINRA's.

I.  **FACTS AND PROCEDURAL HISTORY**

On April 29, 2014, Defendant Robert Elizondo brought a claim against Plaintiff Jon Sanchez before Defendant FINRA arising out of Sanchez's alleged mismanagement of Elizondo's investment portfolio. (*See* Pet. 1–2, ECF No. 1). The arbitrator awarded Elizondo $75,000, exclusive of interest, fees, and costs (the "Award") on August 14, 2015. (*Id.* 2–3). Sanchez filed the Petition in this Court on September 17, 2015, asking the Court to vacate the Award for various reasons. Elizondo answered and pleaded a Countermotion to confirm the Award, and he has now moved to dismiss the Petition for untimeliness. FINRA has separately moved to dismiss based on immunity.

## II. DISCUSSION

### A. Elizondo's Motion

The statutory deadline for motions to vacate arbitration awards under the Federal Arbitration Act ("FAA") reads in relevant part, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Elizondo argues that Sanchez has never filed or served any notice. Sanchez responds that no separate notice of the Petition was required beyond service of the Petition itself. The Court agrees. *See W. Emp'rs Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 261 (9th Cir. 1992) (reversing the district court and ruling that service of the initial pleading challenging an arbitration award satisfies the notice requirement under § 12 even where the initial pleading is titled as a "petition" or otherwise as opposed to a "motion," so long as the pleading makes clear the intent to invoke review under the FAA). And that is a commonsense result. The service of a motion or other pleading itself of course satisfies a requirement to serve mere notice of its existence in every legal and practical sense. A separate requirement to serve a notice confirming the existence of the pleading the defendant already has in his hand "elevates form over substance." *Id.*

### B. FINRA's Motion

FINRA argues it is immune from suit. It is correct if the arbitration was within FINRA's jurisdiction, FINRA's rulings did not exceed the scope of its duties, and arbitration had been contractually agreed upon. *See Sacks v. Dietrich*, 663 F.3d 1065, 1069 (9th Cir. 2011). Plaintiff has made no allegations to the contrary in the Complaint, which simply alleges liability based on FINRA's decisional acts, upon which liability cannot be based. *See id.* at 1070. In response, Plaintiff's counsel argues that he named FINRA as a Defendant as a "precautionary" matter based on experience with worker's compensation cases, although he admits having no prior

experience with FINRA cases, and he notes that he is willing to stipulate to the dismissal of FINRA as a Defendant so long as the dismissal will have no effect on the issues of jurisdiction, timeliness, or dismissal for failure to join an indispensable party.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 25) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 34) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike the Answer and Counterclaim (ECF No. 13) is DENIED, and the Motions to Extend Time (ECF Nos. 11, 16) are GRANTED.

IT IS SO ORDERED.

DATED: This 8th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge