UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JON GREGORY SANCHEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ELIZONDO et al.,<br><br>    Defendants. | 3:15-cv-00474-RCJ-VPC<br><br>**ORDER** |

This is a petition to vacate an arbitration award ("the Petition") made by the Financial Industry Regulatory Authority ("FINRA").

## I.     FACTS AND PROCEDURAL HISTORY

On April 29, 2014, Defendant Robert Elizondo brought a claim against Plaintiff Jon Sanchez before FINRA arising out of Sanchez's alleged mismanagement of Elizondo's investment portfolio. (*See* Pet. 1–2, ECF No. 1). The arbitrator awarded Elizondo $75,000, exclusive of interest, fees, and costs ("the Award") on August 14, 2015. (*See id.* 2–3). Sanchez filed the Petition in this Court on September 17, 2015, asking the Court to vacate the Award for various reasons. Elizondo answered and pleaded a Countermotion to confirm the Award. Elizondo moved to dismiss for untimeliness. FINRA separately moved to dismiss based on immunity. The Court denied Elizondo's motion but granted FINRA's. The Court now adjudicates the Petition and the Countermotion.

## II. DISCUSSION

The Court grants the Petition and denies the Countermotion. The arbitrator committed error by proceeding with a single arbitrator over Plaintiff's objection in violation of FINRA Rule 12401(c) ("If the amount of a claim is more than $100,000 . . . the panel will consist of three arbitrators, unless the parties agree in writing to one arbitrator."). The arbitrator noted directly in the Award that Defendant claimed $125,500 in damages in his "Pre-Hearing brief" and that Plaintiff refused to consent to a single arbitrator, but he proceeded alone, anyway. (*See* Award 2, ECF No. 1-3). Section 5 of the Federal Arbitration Act mandates adherence to the method for appointing arbitrators where addressed by the parties' arbitration agreement. *See* 9 U.S.C. § 5 ("If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method *shall* be followed . . . ." (emphasis added)). It is error for an award to be made by (an) arbitrator(s) not appointed under the method agreed upon by the parties. *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 673 (5th Cir. 2002) (citing *Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos*, 25 F.3d 223, 226 (4th Cir. 1994); *Avis Rent A Car Sys., Inc. v. Garage Emp. Union, Local 272*, 791 F.2d 22, 25 (2d Cir. 1986); *R.J. O'Brien & Assoc., Inc. v. Pipkin*, 64 F.3d 257, 263 (7th Cir. 1995)). In such a case, the arbitrator exceeds his powers, because he has no power to make any ruling in the matter. *See* 9 U.S.C. § 10(a)(4); *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831 (11th Cir. 1991) (holding that a panel of arbitrators exceeded their powers under § 10 by proceeding with two where the arbitration agreement required three). "[A]dherence to the parties' agreed-upon procedures is regularly enforced, such as where relevant to . . . the appointment of arbitrators. *Polimaster Ltd. V. RAE Sys., Inc.*, 623 F.3d 832, 841 (9th Cir. 2010) (Wallace, J., with Hug, J.) (citing *Avis Rent A Car Sys., Inc*, 791 F.2d at 24) (reversing a district court's confirmation of an arbitration award where arbitration was not held at the "defendant's site," as required by the arbitration agreement).

The record—indeed, the arbitrator's own comments in the Award itself—belies Defendant's argument that Plaintiff waived his right to a full panel of arbitrators. This is not like a case where a party has waited until after receiving an unfavorable determination to object to the arbitrator(s). *Cf. Cook Indus., Inc. v. C. Itoh & Co. (Am.), Inc.*, 449 F.2d 106, 107–08 (2d Cir. 1971). The operative claim at the time of the hearing sought "$100,000 or an amount as shall be established at the hearing." (*See* Statement of Claim 8, Apr. 29, 2014, ECF No. 1-2; *accord* Award 2). Plaintiff had no basis to believe that Defendant claimed an amount that would entitle him to a panel of three arbitrators, i.e., more than $100,000, until Defendant affirmatively claimed more. The first indication of a claim exceeding $100,000 was (according to the arbitrator) via Defendant's "Pre-Hearing brief," which claimed $125,500. (*See* Award 2). Defendant has not adduced any evidence of the date of the "Pre-Hearing brief" or its contents. He argues he "fil[ed]" it "three weeks before the hearing." But he has adduced no evidence of that, much less evidence that the brief was served upon Plaintiff or that Plaintiff was otherwise made aware of the claim for more than $100,000. The Court therefore cannot find that it was filed early enough to imply waiver of FINRA Rule 12401(c) by Plaintiff's failure to demand a panel of arbitrators before the hearing. There is no evidence adduced tending to show waiver. Nor does the Court find it significant that the amount of the claim only exceeded $100,000 in an "amended claim," i.e., the "Pre-Hearing brief," as opposed to the initial claim. The substance of the right provided for in the rule is to have multiple adjudicators when the amount at risk exceeds $100,000. The amount at risk is the amount sought at the hearing, which in this case was clearly more than $100,000. The Court need not address the other issues at this time.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Petition to Vacate (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Countermotion to Confirm (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the matter is REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated: This 12th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge