# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JON GREGORY SANCHEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT ELIZONDO et al.,<br><br>　　　　Defendants. | 3:15-cv-00474-RCJ-VPC<br><br>**ORDER** |

This is a Petition to vacate an arbitration award made by the Financial Industry Regulatory Authority ("FINRA").

## I.　FACTS AND PROCEDURAL HISTORY

On April 29, 2014, Defendant Robert Elizondo brought a claim against Plaintiff Jon Sanchez before FINRA arising out of Sanchez's alleged mismanagement of Elizondo's investment portfolio ("the Complaint"). (*See* Pet. 1–2, ECF No. 1). The arbitrator awarded Elizondo $75,000, exclusive of interest, fees, and costs ("the Award") on August 14, 2015. (*See id.* 2–3; Award, ECF No. 1-3). Sanchez filed the Petition in this Court on September 17, 2015, asking the Court to vacate the Award for various reasons. Elizondo answered and pled a Countermotion to confirm the Award. Elizondo moved to dismiss the Petition for untimeliness. FINRA separately moved to dismiss based on immunity. The Court denied Elizondo's motion but granted FINRA's. The Court then granted the Petition and denied the Countermotion,

finding that the arbitrator committed error by proceeding with a single arbitrator over Plaintiff's objection in violation of FINRA Rule 12401(c), which requires a three-arbitrator panel where a claim exceeds $100,000, and Respondent had requested more than $100,000 in a pre-hearing brief. The Court of Appeals reversed, ruling that the arbitrator's interpretation of the FINRA rule was not completely irrational, because "the amount of the claim" could be read to mean the amount in the Complaint versus the amount sought at the hearing. The Court of Appeals remanded for a determination on the remaining grounds in the Petition.

## II. DISCUSSION

The remaining grounds are: (1) whether the Arbitrator exceeded his powers by failing to apply Nevada law on the statute of limitations; and (2) whether the Arbitrator refused to consider the evidence or follow the law by awarding damages when the loss was caused other than by Petitioner's malfeasance.

### A. The Statute of Limitations

Petitioner notes that FINRA Rule 12206(a) establishes a six-year limitations period to arbitrate a claim running from the occurrence of the event giving rise to the claim. Petitioner argues, however, that FINRA Rule 12206(c) notes that subsection (a) does not extend any applicable statute of limitations. Petitioner argues that the claims sound in securities fraud, breach of fiduciary duty, negligent misrepresentation, and contractual bad faith, and that Nevada's limitations period for those claims are two years, three years, four years, and four years, respectively. These time periods all ran no later than March 2014, but Respondent filed the Complaint in April 2014.

But even assuming the rule functions as Petitioner argues—and there is no evidence the Arbitrator believed this was the case yet manifestly disregarded the rule, which is enough to confirm—the Award indicates "breach of contract" as one of several bases for Respondent's

claim, (Award 1), and the statute of limitations for a breach of a written contract in Nevada is six years. Nev. Rev. Stat. § 11.190(1)(b). The Arbitrator did not explicitly address the statute of limitations in the Award, and the record does not make clear that the Arbitrator believed the claims were all barred yet manifestly disregarded the law, whether as to interpretation of the FINRA Rule or application of Nevada law.

### B. Failure to Consider Evidence or Follow the Law

Petitioner argues that the Crash of 2008 and Respondent's demands to continue to trade aggressively were the cause of Respondent's losses, not any acts or omissions by Petitioner, and that the Arbitrator ruled irrationally in finding to the contrary. Although the Court may or may not have ruled the same way, there is no evidence the Arbitrator ruled completely irrationally or showed a manifest disregard for the law, as opposed to having simply erred, no matter how badly (if he did). *See Kyocera Corp. v. Prudential-Bache Trade Svcs., Inc.*, 341 F.3d 987, 997–99 (9th Cir. 2003). Anyway, Respondent notes that the law cited now on causation was not argued to the Arbitrator, and there is no evidence the Arbitrator agreed with Petitioner on the causation issue but consciously disregarded the law and facts to rule to the contrary.

## CONCLUSION

IT IS HEREBY ORDERED that the Petition to Vacate (ECF No. 1) is DENIED, and the Countermotion to Confirm (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter Judgment and close the case.

IT IS SO ORDERED.

Dated this 7th day of August, 2018.

_____
ROBERT C. JONES
United States District Judge