# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JON GREGORY SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) 3:15-cv-00474-RCJ-CBC |
| vs. | ) |
| | ) **ORDER** |
| ROBERT ELIZONDO et al., | ) |
| | ) |
| Defendants. | ) |

This is a Petition to vacate an arbitration award made by the Financial Industry Regulatory Authority ("FINRA"). Pending before the Court is a motion for attorney's fees.

## I. FACTS AND PROCEDURAL HISTORY

On April 29, 2014, Defendant Robert Elizondo brought a claim against Plaintiff Jon Sanchez before FINRA arising out of Sanchez's alleged mismanagement of Elizondo's investment portfolio ("the Complaint"). The arbitrator awarded Elizondo $75,000, exclusive of interest, fees, and costs ("the Award") on August 14, 2015. Sanchez filed the present Petition in this Court on September 17, 2015, asking the Court to vacate the Award for various reasons. Elizondo answered and pled a Countermotion to confirm the Award. Elizondo moved to dismiss the Petition for untimeliness. FINRA separately moved to dismiss based on immunity. The Court denied Elizondo's motion but granted FINRA's. The Court then granted the Petition and denied the Countermotion, finding that the arbitrator committed error by proceeding with a

single arbitrator over Plaintiff's objection in violation of FINRA Rule 12401(c), which requires a three-arbitrator panel where a claim exceeds $100,000, and Respondent had requested more than $100,000 in a pre-hearing brief. The Court of Appeals reversed, ruling that the arbitrator's interpretation of the FINRA rule was not completely irrational, because "the amount of the claim" could be read to mean the amount in the Complaint versus the amount sought at the hearing. The Court of Appeals remanded for a determination on the remaining grounds in the Petition. The Court denied the Petition on the merits and granted the Countermotion to affirm. Defendant has moved for attorney's fees under Nevada Revised Statutes section ("NRS") 38.243.

## II. LEGAL STANDARDS

Petitions to confirm or vacate arbitration awards do not arise under federal law simply because the Federal Arbitration Act provides substantive standards of review; rather, there must be an independent basis for federal subject matter jurisdiction over such a petition. *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir. 2004). That basis in this case is diversity of citizenship under 28 U.S.C. § 1332. As Plaintiff alleged in the Petition, he and Defendant are citizens of different states, and he sought to vacate of an Award of more than $75,000 ($75,000 plus attorney's fees of $3,500). State law governs attorney's fees in diversity cases when the fees are tied to the substance of the case, as opposed to litigation misconduct. *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837–38 (9th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). NRS 38.243 governs attorney's fees in cases confirming or vacating arbitration awards. Nev. Rev. Stat. § 38.243(3) ("On application of a prevailing party . . . the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying or correcting an award.").

## III. ANALYSIS

Defendant is the prevailing party. He seeks fees of $58,960.00 and costs of $8,738.31. The fees represent 147.40 hours of attorney labor at $400 per hour. Plaintiff challenges several billing entries, arguing that they "lack narrative descriptions," but that is not so. Each challenged entry includes a narrative description indicating telephone or email correspondence with particular persons. Plaintiff has no basis to claim the entries were "made up at the last minute." The Court finds the hours and rates claimed to be reasonable in this case for the reasons given in Defendant's attorney's affidavit.

More importantly, Plaintiff argues that the Petition was not filed pursuant to state law. But that is just wrong. As noted, Plaintiff himself asserted diversity jurisdiction in the Petition, and even if he hadn't, it clearly lies here and is in fact the only basis for federal jurisdiction, as there is no federal question at stake. *See Carter*, 374 F.3d at 833. Plaintiff also argues that Defendant was not the prevailing party before this Court, but only before the Court of Appeals, so his fees, if any, should be limited to those expended on appeal. That argument is frivolous. A party that prevails before an appellate court may then prevail in the trial court on relevant issues even if it lost on those issues before the appeal. A reversed trial court's judgment is vacated, and the previously losing party can become the prevailing party if the trial court later enters judgment in its favor, whether at the direction of the appellate court or after further analysis, as here. It makes no sense at all that a party might be entitled to attorney's fees if it wins in a trial court but not if it loses in a trial court, successfully appeals, and then wins in the trial court upon remand, having spent much more in attorney's fees than if it had prevailed in the first instance.

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 56) is GRANTED. Attorney's fees are awarded to Robert Elizondo and against Jon Gregory Sanchez in the amount of $58,960.00, and costs are awarded in the amount of $8,738.31.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge